UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST EDWARDS,

        Petitioner,        Civil No. 4:06-CV-14029
                          HONORABLE PAUL V. GADOLA
v.                             UNITED STATES DISTRICT JUDGE

P. JOHNS,

        Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Ernest Edwards, a state prisoner currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he appears to challenge a 1986 uttering and publishing conviction. Although unclear, it appears that Petitioner may also be challenging a prison disciplinary hearing. Petitioner has not filed the $5.00 filing fee required for habeas corpus petitions, but seeks to proceed *in forma pauperis*. For the reasons stated below, the Court will deny Petitioner's application to proceed *in forma pauperis* and will dismiss the petition for a writ of habeas corpus.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to

1

relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994)(*citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *See also Smith v. Stegall,* 141 F. Supp. 2d 779, 784 (E.D. Mich. 2001).

In the present case, much, if not all, of the habeas petition is illegible and unintelligible. As a result, this Court is unable to discern the nature of Petitioner's habeas claims; the Court has no way to ascertain the errors of fact or law that may be raised in Petitioner's filing. Consequently, the petition is subject to dismissal. *See McFarland,* 512 U.S. at 856 .

Additionally, this Court recognizes that Petitioner has been a frequent filer of civil rights complaints and habeas corpus petitions in this District, as well as in the Western District of Michigan. In 1996, Judge Lawrence P. Zatkoff reviewed Petitioner's history of filing complaints and petitions in this district. *See Edwards v. Hofbauer*, No. 96-CV-74292-DT (E.D. Mich. Oct. 31, 1996)("Order Dismissing Complaint Under 28 U.S.C. § 1915(g) and Enjoining Plaintiff from Filing Future Complaints Without Prior Authorization"). Judge Zatkoff found that Petitioner's "history of unsubstantiated and vexatious litigation amounts to continued abuse of his *in forma pauperis* status" and enjoined Petitioner from filing any additional complaints *in forma pauperis* in this District without leave of court. Judge Zatkoff ordered that any new complaint or petition filed by Petitioner must be accompanied by:

> (1) an application for permission to file the pleading; and
> (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous complaints or petitions.

*Id.*[1]

In the instant case, Petitioner's application to proceed *in forma pauperis* and his petition for a writ of habeas corpus are not accompanied by the application for permission to file the pleading or the required affidavit attesting that the pleadings have merit and are not a repetition of Petitioner's previous filings. Therefore, in addition to being subject to dismissal for legal insufficiency, Petitioner's application to proceed *in forma pauperis* and his petition for a writ of habeas corpus are subject to dismissal because he has failed to satisfy the requirements of Judge Zatkoff's 1996 order enjoining him from filing without the proper supporting documentation. *See, e.g., Edwards v. Tasson,* 2006 WL 2159979 (E.D. Mich. July 31, 2006); *Edwards v. Bell,* U.S.D.C. No. 2:06-13066 (E.D. Mich. July 14, 2006); *Edwards v. Hofbauer,* No. 2005 WL 3544265 (E.D. Mich. December 27, 2005).

Finally, Petitioner's habeas petition is also subject to dismissal because he has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The only proper respondent in a habeas case is the habeas Petitioner's custodian, which in the case of an incarcerated habeas Petitioner is the warden. *See Hogan v. Hanks,* 97 F. 3d 189, 190 (7th Cir. 1996); Rule 2(a), 28 foll. U.S.C. § 2254.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's request to proceed *in forma pauperis* [docket entry 2] is **DENIED.**

---

[1] This Court also notes that Judge Zatkoff is not the only Judge that has found Petitioner's filings unreasonable. Petitioner has additionally been enjoined from filing repetitive habeas petitions in the United States District Court for the Western District of Michigan. *See Edwards v. Wisanger,* 2005 WL 2156419, at * 2 (W.D. Mich. Sept. 6, 2005) (citing *Edwards v. Watson,* No. 1:02-mc-26 (W.D. Mich. Mar. 13, 2002)).

**IT IS FURTHER ORDERED THAT** the petition for writ of habeas corpus [docket entry 1] is **DISMISSED**.

**SO ORDERED.**

Dated:   September 20, 2006                              s/Paul V. Gadola
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  September 21, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                     ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Ernest Edwards              .

                                                         s/Ruth A. Brissaud
                                                         Ruth A. Brissaud, Case Manager
                                                         (810) 341-7845